## CALEF *versus* FOSTER.

A proprietor of lands who had sold certain lots, for which the pay was still due to him, and who had also contracted to sell some other lots, granted a power, authorizing his attorney " to collect and receive all sums of money due to him for said lands from purchasers, and to execute all such contracts as the sales may require." *Held,* that the power did not authorize the attorney to make *new* contracts for the sale of *other* lands.

COVENANT BROKEN, brought on a sealed contract to convey a lot of land in Garland, if the plaintiff should pay therefor a fixed price, in several specified instalments. The contract was executed in the name of the defendant, by one Bartlett, as his attorney.

The only question in the case relates to the authorization of

Calef *v.* Foster.

Bartlett to make the contract.. His authority, if any, was by virtue of a power of attorney, under seal, in the language of the defendant, appointing "Bartlett to be my lawful attorney, and in my name to superintend and take care of my lands, in the town of Garland; to demand and receive, sue for and recover satisfaction for all trespasses committed, or which may be committed on any of said lands, or at his discretion to compromise therefor; to collect and receive all sums of money due to me for said lands from purchasers or from trespassers, and to make, execute and acknowledge all such contracts as the sales, suits at law, or compromises may require, and to pay the taxes assessed on said lands, and I hereby ratify and confirm whatever my said attorney, Nehemiah Bartlett, shall lawfully do or cause to be done in the premises, by virtue of this letter of attorney."

If said power of attorney authorized the making of the contract in suit, the defendant is to be defaulted; otherwise plaintiff is to become nonsuit.

*A. Sanborn*, for the plaintiff.

*A. W. Paine*, for the defendant.

Shepley, C. J. — The question presented for decision is, whether the power of attorney made by the defendant on January 20, 1840, authorized Nehemiah Bartlett to make a contract with the plaintiff for the sale of the land described in that contract. He is not expressly authorized to sell the lands in the town of Garland, or to make contracts for their sale, or to make conveyances of them.

Such power to sell can only be implied or inferred from the authority conferred "to collect and receive all sums of money due to me for said lands, from purchasers or from trespassers, and to make, execute and acknowledge all such contracts as the sales, suits at law, or compromises may require."

This language shows, that sales had been already made, and that payments therefor were to be made by purchasers. And the attorney is authorized to make, execute, and acknowledge all such contracts as "the sales" may require. The words

" the sales" have reference to the sales already made, being the ones, on which money was to be collected of the purchasers.

When the amount due had been fully paid, he would be authorized to make, execute and acknowledge a contract, providing for an absolute conveyance of the title. There is no indication of an intention to confer an authority, to make new and further sales of the lands, or contracts for such sales.

It is said, that the presumption is, that the defendant made an agreement with the plaintiff for the sale of the land, and that his attorney executed the contract, to carry that agreement into effect.

The sales referred to in the power, were such as were then known to have been made by some contract, on which payments were expected to be made.

No presumption can be made, that a parol contract, wholly inoperative, was thus made as the foundation of this contract. Such a presumption might as well be made in all cases, as in this one ; and if made, it would give the attorney an unlimited power to sell the lands.                  *Plaintiff nonsuit.*